UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ZACHARY CHESSER,

    Plaintiff,

v.

HENRY RIVAS, JEFFREY WALTON,
WENDY ROAL, STEVEN CARDONA,
PAUL KELLY, MILTON NEUMANN,
ROBERT ROLOFF, MCCLEARY, WINN,
LESLIE SMITH, APRIL CRUITT, T.
CAPALDO, STEPHEN COLT and J.
SIMMONS,

    Defendants.

Case No. 13-cv-456-JPG-RJD

## **JUDGMENT**

This matter having come before the Court, the issues having been heard, plaintiff Zachary Chesser having voluntarily dismissed some claims, and the Court having rendered a decision as to others,

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered as follows:

- in favor of defendants Roal, Rivas, Cardona, Roloff, Neumann and Walton on Count 2, a First Amendment Free Exercise Clause claim based on the restriction on teaching/learning Arabic;
- in favor of defendants Roal, Rivas, Cardona, Roloff, Neumann and Walton on Count 5, a Fifth Amendment Due Process Clause equal protection claim based on the restriction on teaching/learning Arabic;
- in favor of defendants Roal, Rivas, Cardona, Roloff, Neumann and Walton on Count 6, a First Amendment Free Exercise Clause claim based on the restriction on wearing short pants;
- in favor of defendants Roal and Walton on Count 21, an access to the courts claim based on denial or censorship of discovery materials; and
- in favor of defendants Roal, Rivas, Roloff, Neumann and Walton on Count 23, a Fifth Amendment Due Process Clause equal protection claim based on the restriction on short pants;

IT IS FURTHER ORDERED AND ADJUDGED that the following claim is dismissed with prejudice:

- Count 20, a First Amendment claim for conspiracy against defendants Roal, Rivas, Neumann, Smith, Cruitt, Capaldo, Colt and Simmons based on interference with mail and email;

IT IS FURTHER ORDERED AND ADJUDGED that the following claims are dismissed without prejudice:

- Count 1, a claim against defendants Roal, Rivas, Cardona, Roloff, Neumann and Walton under the Religious Freedom Restoration Act based on the restriction on teaching/learning Arabic;
- Counts 3 and 4 were withdrawn by Chesser by omission from the First Amended Complaint (Doc. 70);
- Count 7, a claim against defendants Walton and McCleary under the Religious Freedom Restoration Act for being served special meals on non-Islamic holidays;
- Count 8, a claim against defendants Walton and McCleary under the First Amendment Free Exercise Clause for being served special meals on non-Islamic holidays;
- Count 9, a claim against defendants Walton and McCleary under the First Amendment Establishment Clause for being served special meals on non-Islamic holidays;
- Count 10, a claim against defendants Roloff and McCleary under the First Amendment Free Exercise Clause for denial of an appropriate special meal on an Islamic holiday;
- Count 11; a claim against defendants Roloff and McCleary under the equal protection guarantee of the Fifth Amendment Due Process Clause for denial of an appropriate special meal on an Islamic holiday;
- Count 12, a claim against defendants Walton and Winn under the First Amendment Establishment Clause for giving him a holiday gift bag designed as a Christmas gift on a non-Islamic holiday;
- Count 13, a claim against defendants Roloff and Walton under the Religious Freedom Restoration Act for failure to provide a qualified Imam;
- Count 14, a claim against defendant Walton under the Religious Freedom Restoration Act for failure to accommodate some religious fasting;
- Count 15, a claim against defendants Roal, Rivas and Neumann under the First Amendment for retaliation by placement in segregation in November 2011 for writing letters;
- Count 16, a claim against defendants Roal, Rivas, Cardona and Neumann under the First Amendment for retaliation by placement in segregation in May 2012 for drafting an email;
- Count 17, a claim against Cardona and Neumann under the First Amendment for retaliation by the threat of placement in segregation in June 2012 for drafting an email;
- Count 18, a claim against defendants Roal, Rivas and Neumann under the First Amendment for interference with mail;
- Count 19, a claim against defendants Rivas, Smith, Cruitt, Capaldo, Colt and Simmons under the First Amendment for retaliation by interfering with email;

2

- Count 24, a claim against defendants Roloff and Walton under the First Amendment Free Exercise clause for a ban on a Salafi religious advisor;
- Count 25, a claim against defendants Roloff and Walton under the equal protection guarantee of the Fifth Amendment Due Process Clause because of the lack of a Salafi religious advisor; and
- Count 27, a claim against Roal, Rivas and Neumann under the First Amendment for retaliation by placement in segregation in February 2012 for his participation in a Senate report.

Counts 22 and 26 were not allowed to be added to this case by an amended pleading.

**DATED:** April 3, 2018     JUSTINE FLANAGAN, Acting Clerk of Court

**s/Tina Gray, Deputy Clerk**

**Approved:** s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**